UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM WADE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CAUSE NO: 3:04-CV-335RM |
| | ) |
| TRELLEBORG YSH Inc., | ) |
| d/b/a TRELLEBORG AUTOMOTIVE, | ) |
| and KEITH CONRAD, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

William Wade sues his employer, Trelleborg YSH Inc., and one of its employees, Keith Conrad. Counts I and II of Mr. Wade's complaint allege violations by Trelleborg under Title VII of the Civil Rights Act of 1964 and the Age Employment in Discrimination Act. Mr. Wade's remaining claims against Trelleborg and Keith Conrad are governed by state tort law: defamation and intentional infliction of emotional distress. When filing his complaint in this court, Mr. Wade invoked the court's jurisdiction over his federal claim pursuant to 28 U.S.C. § 1331, and invoked supplemental jurisdiction over his state claims pursuant to 28 U.S.C. § 1367. Mr. Wade now asks the court to dismiss his federal claims and remand the remaining state law claims to state court. For the reasons that follow, the court dismisses all claims and declines to remand.

No objection has been made to dismissal of Counts I and II pursuant to FED. R. CIV. P. 41, and the court will grant that motion. The court cannot agree,

however, with Mr. Wade's contention that a federal court has authority to remand to state court a case originally filed in federal court. A federal district court has no such authority. First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 467 (6th Cir. 2002). The court's authority to dismiss without prejudice pendent state claims, which have been filed in federal court, when all federal claims have been dismissed prior to trial, differs from the court's authority to relinquish supplemental jurisdiction under certain circumstances, remanding state claims to a state court in which the suit originated. 28 U.S.C. § 1367(c); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988); Adkins v. Illinois Cent. R. Co. 326 F.3d 828, 847 (7th Cir. 2003). Because this court lacks the authority to remand Mr. Wade's remaining state law claims, his motion to remand is denied.

Still, dismissal of Mr. Wade's federal claims impacts the court's subject matter jurisdiction—its power to declare law—so the court has an affirmative duty to determine its authority over the remaining claims. Hay v. Indiana State Bd. of Tax Com'rs, 312 F.3d 876, 879 (7th Cir. 2002). When all federal claims are dismissed before trial, a court may, and generally should, relinquish supplementary jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(4); Malibu, Inc. v. Reasonover, 246 F. Supp. 2d 1008, 1017 (N.D. Ind. 2003) *citing* Grove v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").  That course is appropriate here.

2

A court deciding whether to retain jurisdiction should consider judicial economy, convenience, fairness and comity. <u>Grove v. Eli Lilly</u>, 193 F.3d at 501. Disputes between Indiana citizens that are governed by Indiana law ordinarily should be heard in Indiana courts. <u>Malibu v. Reasonover</u>, 246 F. Supp. 2d at 1017. The state law claims are unsettled and because the discovery phase of these proceedings has passed, there is little concern that repetitious trial preparation will result from the court's relinquishment of jurisdiction. Therefore, having granted Mr. Wade's motion to dismiss his federal claims, the court will dismiss his remaining state law claims.

The court GRANTS the unopposed partial motion to dismiss counts I and II [docket no. 26]; DENIES the request for remand to state court [docket no. 26]; and DISMISSES WITHOUT PREJUDICE all other pending claims.

SO ORDERED.

Dated: <u>September 8, 2005</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
United States District Court